## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DIANNE C. WORMUTH
    *Plaintiff*,

    v.

BANK OF AMERICA, NA, *et al.*
    *Defendants*.

Civil Action No. ELH-14-3709

### MEMORANDUM

Plaintiff Dianne C. Wormuth filed suit against defendants Bank of America, NA ("BANA") [1] and Ocwen Loan Servicing, LLC ("Ocwen") on October 2, 2014. ECF 2 ("Complaint"). [2] An amended complaint was filed on December 16, 2014. ECF 15 ("First Amended Complaint" or "FAC"). In the First Amended Complaint, plaintiff contends that defendants "harassed and dogged her to pay a debt" that defendants "kn[e]w ha[d] been discharged in a Chapter 7 Bankruptcy." ECF 15 at 1, FAC.

The First Amended Complaint contains three counts. Count I alleges a violation of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code (2013 Repl. Vol., 2014 Suppl.) § 14-201 *et seq.* of the Commercial Law Article ("C.L."); Count II alleges a violation of the Maryland Consumer Protection Act ("MCPA"), C.L. § 13-301 *et seq.* And Count III alleges a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.C.S. § 1681 *et seq.* ECF 15 ¶¶ 50-67, FAC. Judge Russell, to whom the case was then assigned, circulated a proposed Scheduling

---

[1] BANA spells its name as Bank of America, N.A.

[2] Suit was initially filed in the Circuit Court for Anne Arundel County, Maryland. ECF 2, Complaint. Ocwen removed the case to federal court on November 26, 2014, based on diversity jurisdiction. ECF 1 (Notice of Removal); *see* 28 U.S.C. § 1332. The case was originally assigned to Judge George Levi Russell, III. It was transferred to me on June 29, 2015. *See* Docket.

Order on January 20, 2015.   ECF 20; ECF 20-1 (preliminary Scheduling Order).   It was approved, as modified, on February 5, 2015.   (ECF 23) (Order approving the preliminary Scheduling Order in ECF 20-1, as modified); *see also* ECF 22 (proposed modifications); ECF 44 (Order dated July 1, 2015, again modifying the Scheduling Order).   Under ECF 20-1 and ECF 23, pleadings were to be amended by March 6, 2015.

More than three months later, on June 24, 2015, plaintiff moved to amend the First Amended Complaint.   ECF 35 ("Motion" or "Motion to Amend"); *see* ECF 35-2, "Proposed Second Amended Complaint" or "PSAC."[3]   The Proposed Second Amended Complaint includes two modifications.   First, plaintiff seeks to supplement the facts in connection with Count III, alleging violations of the FCRA. As explained by plaintiff, "the additional facts support a violation of 15 U.S.C. Sec. 1681s-2(b), for Ocwen's willful failure to modify or delete properly disputed information on the Plaintiff's credit report despite knowing or having reason to know that it was inaccurate."   ECF 35 ¶ 9, Motion.   Second, plaintiff seeks to add an additional claim against defendants, Count IV, for "Invasion of Privacy based upon Intrusion on Seclusion," in connection with "a campaign" of harassing phone calls by Ocwen and BANA to plaintiff's place of employment, despite defendants' knowledge that the debt had been discharged in bankruptcy. ECF 35-1 (Redline) ¶ 79.     Count IV seeks punitive damages against both defendants. Defendants oppose the Motion.   ECF 48 ("Ocwen Opposition); ECF 49 ("BANA Opposition"). Plaintiff has replied.   ECF 56 ("Reply").

No hearing is necessary to resolve the Motion.   *See* Local Rule 105.6. For the reasons that follow, I will grant in part and deny in part plaintiff's Motion to Amend (ECF 35).

---

[3] Plaintiff submitted two exhibits to the Motion:  a redline comparing the PSAC to the FAC, ECF 35-1 ("Redline"), and a clean version of the PSAC.  ECF 35-2.

# I.   DISCUSSION

Under Fed. R. Civ. P. 15(a)(2), "[a] court should freely give leave to amend when justice so requires." *See also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). "Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'" *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Laber v. Harvey*, 438 F.3d 404, 426-29 (4th Cir. 2006) (en banc).

Although Fed. R. Civ. P. 15(a)(2) instructs courts to freely grant motions to amend "when justice so requires," plaintiff's Motion was filed considerably out of time.   Suit was removed to this Court in November 2014, and the Scheduling Order required amendment of pleadings by March 6, 2015.   ECF 20-1; *see also* ECF 23, Order dated February 5, 2015.   Yet, plaintiff did not move to amend the First Amended Complaint until June 24, 2015.   ECF 35, Motion.   Because the request was belated, Fed. R. Civ. P. 16 is also pertinent.

In particular, "after the deadlines provided by a scheduling order have passed, the good cause standard" applicable to modifications of scheduling orders under Fed. R. Civ. P. 16 "must be satisfied to justify leave to amend the pleadings."   *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *see also Cook v. Howard*, 484 F. App'x 805, 814–15 (4th Cir. 2012) (stating that Rule 15(a)(2) "applies . . . prior to the entry of a scheduling order, at which point, under Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.").

In *Nourison*, 535 F.3d at 298, the Fourth Circuit explained:

> There is tension within the Federal Rules of Civil Procedure between Rule 15(a) and Rule 16(b) amply illustrated by this appeal. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen,* 238 F.3d 273, 276–77 (4th Cir. 2001). On the other hand, Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge."

> \* \* \*

> Given their heavy case loads, district courts require the effective case management tools provided by Rule 16.

"Good cause requires the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Cook*, 484 F. App'x at 815 (quotations omitted). In making that determination, courts may consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (citing *Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 768–69 (D. Md. 2010)). But, in any case, if the moving "'party was not diligent, the inquiry should end.'" *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995)(emphasis omitted)); *accord, e.g.*, *CBX Technologies, Inc. v. GCC Technologies, LLC*, JKB–10–2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (denying motion to amend complaint because plaintiff's "failure to anticipate" its needs was "of its own doing and not the fault of any other entity"), *aff'd*, 533 F. App'x 182 (4th Cir. 2013).

4

Here, plaintiff seeks to modify her  First Amended Complaint in two ways. First, plaintiff moves to supplement the facts in support of Count III, claiming violation of the FCRA. According to plaintiff, "the additional facts support a violation of 15 U.S.C. Sec. 1681s-2(b), for Ocwen's willful failure to modify or delete properly disputed information on the Plaintiff's credit report despite knowing or having reason to know that it was inaccurate."  ECF 35 ¶ 9. Motion. Second, plaintiff proposes to add an entirely new count against both defendants for "Invasion of Privacy based upon Intrusion on Seclusion," which includes a request for punitive damages.  *Id.* ¶ 8.  Plaintiff maintains that the Motion to Amend was brought "without delay," *id.* ¶ 11, as she only recently learned of these new facts "through discovery . . . ." *Id.* ¶ 10.

As to Count III, Ocwen states, ECF 48 at 2 n.1, Ocwen Opposition:

> [W]ithout admitting the substance of the allegations, Ocwen does not oppose Plaintiff's Motion to Amend to the extent the PSAC seeks to add the following additional allegations based upon facts allegedly learned in discovery: (1) alleged unauthorized access of Plaintiff's credit report, *see* PSAC at ¶ 41 of the PSAC [sic], (2) additional allegations regarding phone calls in October 2014 and correspondence in October 2014 through January 2015, *see* PSAC at ¶ 44, (3) additional allegations regarding credit reporting PSAC at ¶ 45(c), ¶ 45(i), (4) alleged violations of Ocwen's own bankruptcy procedures, *see* PSAC at ¶ 47, (5) Ocwen's allegedly unauthorized access of Plaintiff's credit report, *see* PSAC at ¶ 50, and (6) the additions to Count III of the PSAC, regarding the FCRA, specifically an alleged failure to properly investigate an alleged credit dispute, *see* PSAC at pp. 14-16.

BANA did not explicitly make such a concession.  But, the focus of its opposition is the addition of the proposed new count. ECF 49 at 8-9, BANA Opposition.

I am satisfied that plaintiff has articulated good cause under Rule 16 to supplement the facts in connection with Count III, for alleged violations of the FCRA.

Turning to the proposed new count for invasion of privacy, both defendants challenge the proposed amendment.  They insist, *inter alia*, that plaintiff relies on facts already alleged in the

Amended Complaint, and thus she could have timely moved to amend.  ECF 48 at 2, Ocwen

Opposition; ECF  49 at 9, BANA Opposition.

According to Ocwen:  "Plaintiff fails to show good cause to add an entirely new count

[to] this case, when she has been aware of the factual basis of this claim since she filed the

Original Complaint."  ECF 48 at 7, Ocwen Opposition.  Ocwen explains, ECF 48 at 2, Ocwen

Opposition:

> Although Ocwen concedes that certain factual allegations which Plaintiff
> makes in the PSAC are based upon information which Plaintiff learned in
> discovery[ ] (and thus Plaintiff could not have pled these facts in her earlier
> pleadings), there are no facts alleged in support of the new proposed Count IV of
> which Plaintiff was unaware when she filed the original complaint, thus Plaintiff
> should not be allowed to add this new count.

Ocwen continues, ECF 48 at 6, Ocwen Opposition:

> Although Plaintiff claims in the Motion filed in support of the PSAC that
> new facts came to light which support adding the Intrusion by Seclusion claim,
> she fails to actually allege any new facts related to this claim. *See* Motion for
> Leave to Supplement Pleading or in the Alternative, Second Amended Complaint,
> *see* Doc. # 35 at ¶ 8. Rather, as set forth above, Plaintiff merely references facts
> which were already pled in the Original Complaint and FAC. Thus, she fails to
> show the good cause required for this Court to allow amendment more than three
> months after the deadline to amend pleadings has passed.

BANA makes a similar argument.  It asserts: "Plaintiff alleges no additional facts or

events whatsoever in her Proposed SAC -- she simply brings new claims based on the previously

pled facts and allegations in the FAC. Plaintiff has been aware of ***all*** facts supporting the basis

for any purported privacy claim since at least December 16, 2014, well before the deadline set

forth in the Scheduling Order."  ECF  49 at 9, BANA Opposition (emphasis in BANA

6

Opposition).  BANA relies, *inter alia*, on *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 630 (D. Md. 2003).[4]

In *Odyssey Travel Ctr., Inc.*, 262 F. Supp. 2d 618, the controlling scheduling order set November 15, 2002, as the deadline for joinder of additional parties.  *Id.* at 631.  On November 22, 2002, the plaintiff filed a conditional motion for leave to file an amended complaint to join two additional defendants in the event the court granted the defendant's pending summary judgment motion.  *Id.* at 630-31.  The only explanation offered by the plaintiff for the out-of-time filing was that the plaintiff's counsel had "'overlooked'" the schedule.  *Id.* at 632.  The court denied the request for leave to amend as moot, because of the denial of defendant's summary judgment motion.  But, it noted that "in any event" it would not "have allowed" plaintiff to amend the complaint to add new parties under Rule 16 "at this late date . . . ."  *Id.* at 631.

Judge Chasanow explained that a "[l]ack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard."  *Id.* at 632 (internal quotations omitted).  She added: "The tardiness is particularly egregious given that [plaintiff] was put on notice as early as January 2002 that ROC would assert that ROC, Ltd. was the proper defendant in the case."  *Id.*

*Chaudhry v. Prince George's Cnty., Md.*, 626 F. Supp. 448, 455 (D. Md. 1985), is also pertinent.  There, in the amended complaint, the plaintiff alleged claims pursuant to the Fifth and Fourteenth Amendments.  *Id.* at 450.  Thereafter, the plaintiff sought to add a First Amendment claim.  *Id.* at 453.  The court denied the plaintiff's request, finding that "the proposed amendment

---

[4] BANA also urges the Court to deny leave to amend on the ground of futility.  ECF 49 at 10, BANA Opposition.   It adds that punitive damages are not warranted because the proposed Second Amended Complaint does not allege facts to satisfy the "heightened" burden to warrant punitive damages, in the absence of facts to support that defendants acted with "actual malice." *Id.* at 12.  In light of my ruling, I need not address these contentions.

would delay the trial, would prejudice defendants and would probably prove to be futile." *Id.* at 455. The court explained: "Plaintiff has already amended his complaint once. The pending motion, which seeks to further amend the amended complaint, was filed some fifteen months after suit was instituted, was filed after the date initially set by the Court for the pretrial conference, and was filed at a time when substantially all of the discovery had been completed by the parties." *Id.*

Here, plaintiff disputes the notion that she "overlooked" the deadlines in this case. *See Odyssey Travel Ctr, Inc.*, 262 F. Supp. 2d at 632. Rather, plaintiff explains that she did not know of the facts necessary to plead the new intrusion upon seclusion count. ECF 56 at 10, Reply. To the contrary, plaintiff insists: "She has been diligently litigating this case since the beginning and has been met at every turn with requests for delay, failure to turn over documents, boilerplate objections that are impossible to decipher, and what at least one judge described as 'gamesmanship.'" *Id.*

Plaintiff also acknowledges that the invasion of privacy claim is subject to a heightened standard, and to prevail, the claim would require, *inter alia*, clear and convincing evidence of actual malice. ECF 56 at 4, Reply. According to plaintiff, by waiting to lodge the claim until after she obtained information through discovery, she acted scrupulously and cautiously. She explains: "At worst, the Plaintiff prudently waited until she felt that the clear and convincing standard [necessary to prevail on an invasion of privacy claim] had been met through production of the Defendants' own business records, and then filed a proposed amendment." ECF 56 at 8, Reply.

Ms. Wormuth also maintains that the proposed Second Amended Complaint "will not delay the resolution of this action." ECF 35 ¶ 12, Motion. In particular, she contends: "The

proposed amendment will not require additional discovery nor any extension in any scheduled deadline, and the trial date will not be delayed as it is yet to be set. Granting the motion will cause no prejudice to BANA because it began no discovery until AFTER the application to amend was served on June 24, 2015." ECF 56 at 6, Reply (emphasis in Reply). Plaintiff continues: "BANA first propounded discovery on the Plaintiff . . . on July 9, 2015. . . . Ocwen served written discovery, and Wormuth produced over 700 pages of documents along with a full and complete response to interrogatories." *Id.* at 6-7.

In her Reply, plaintiff adds, ECF 56 at 7-8:

> Plaintiff has alleged facts to plausibly state actual malice. BANA's own records now confirm the numerous times it called Plaintiff trying to collect a debt she did not owe. They also confirm that its bankruptcy department continuously ignored the discharge of Plaintiff's debt. Plaintiff has gathered sufficient evidence for a jury to find actual malice and therefore state a claim of [invasion of privacy].

As noted, plaintiff's Motion to Amend was filed more than three months beyond the deadline set by the Court in the Scheduling Order. But, it was filed before the discovery deadline of August 4, 2015, which was later extended to September 3, 2015, upon the joint request of all parties. Nevertheless, in making a good cause determination under Rule 16, courts may consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." In my view, the belated Motion to Amend does not survive defendants' Rule 16 challenge.

A careful review of the FAC, ECF 15, makes clear that plaintiff had all of the facts needed to allege the claim of invasion of privacy well before she filed her Motion to Amend (ECF 35) in June 2015. Moreover, the addition of a claim for punitive damages against BANA,

and the additional punitive damages claim against Ocwen, is a significant change in the scope of the litigation.[5] It is far more than a duplicate theory of liability.

Plaintiff suggests that she delayed the filing of the invasion of privacy claim because of the "high threshold" for such claims, and because of her desire to be "prudent." ECF 56 at 1, Reply. She also attributes the delay to gamesmanship in discovery. *Id.* at 2.

In my view, there was no justification for the three-month delay in seeking to amend the suit to add the invasion of privacy claim. This is not a situation in which plaintiff could not reasonably meet the deadline in the Scheduling Order, nor is it a situation in which the information needed to allege the claim only came to light when the Motion to Amend was filed. *See Wonasue v. University of Maryland Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013). The factual basis for the proposed invasion of privacy claim is clearly included in plaintiff's earlier FAC. At best, plaintiff obtained information through discovery that might help her prove her claim. But, she had ample facts to timely allege the claim.

For example, in the First Amended Complaint (ECF 15), plaintiff complained about "literally hundreds of calls" by BANA after her loans were discharged in bankruptcy. ECF 15 ¶ 16. Moreover, plaintiff alleged in the FAC that she repeatedly provided BANA with information as to her bankruptcy case and discharge, but "[t]he calls did not stop." *See*, *e.g.*, ECF 15 ¶¶ 17, 18, 19, 23. In addition, Ms. Wormuth alleged in the FAC that she advised Ocwen of her Chapter 7 bankruptcy discharge. *Id.* ¶ 31. Yet, Ocwen continued to send demands for payment and called her at work repeatedly. *Id.* ¶¶ 33, 34, 35.

---

[5] In Count III of the FAC, alleging a violation of the Fair Credit Reporting Act against Ocwen only, plaintiff seeks punitive damages.

In sum, the underlying factual allegations are contained in the FAC.  Thus, plaintiff readily could have asserted her invasion of privacy claim in the FAC.  At a minimum, she could have timely sought to amend to add such a claim.  Notably, "[a] court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'"  *Wonasue*, 295 F.R.D. at 107 (citations and quotations omitted).

Accordingly, plaintiff's Motion to Amend (ECF 35) shall be granted as to Count III and DENIED as to proposed Count IV.

## II.    CONCLUSION

A separate Order follows, consistent with this Memorandum.


Date:   September 16, 2015                              _____/s/_____
                                                       Ellen Lipton Hollander
                                                       United States District Judge